ALBERT ALLSOP *vs.* CLARENCE T. GALLANT.

MAY 23, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This action of trespass on the case for negligence was tried in the superior court to a jury which returned a verdict for the plaintiff for $3500. Thereafter the defendant's motion for a new trial was granted by the trial justice, and the plaintiff then prosecuted his bill of exceptions to this court. Although the plaintiff took an exception to a portion of the charge of the trial justice which deprived the plaintiff of any benefit of the doctrine of the last clear chance, the only exception appearing in his bill of exceptions and now pressed by him is to the action of the trial justice in granting such motion.

Under the theory upon which the case was left to the jury the principal issue became the location of the place where the accident in question occurred. That place was deemed to be of importance because, from its location, inferences were sought to be drawn in relation to the alleged negligent conduct of the respective parties, as bearing upon the proximate cause of the accident.

It is not necessary, therefore, to review all the evidence fully. It shows that the plaintiff, who was employed as the driver of a milk truck, about midafternoon on April 25, 1935, was operating that vehicle in a general northerly direc-

tion on Allens avenue in Providence toward the center of the city. The day was fair and the road dry. When he was about opposite a certain diner or restaurant, hereinafter referred to as the diner, which was located on the westerly side of Allens avenue not far from the corner of that street and Blackstone street, the plaintiff stopped the truck with the right wheels against the easterly curb of Allens avenue. At this point that street is sixty-five feet wide between curbs, and extends both northerly and southerly for a considerable distance in approximately a straight line. In about the middle of said street, but slightly nearer to the easterly than to the westerly curb, there is a car track running north and south, and a switch or spur connects with this track about opposite the northern end of the diner.

As to the manner in which the accident happened, the plaintiff gave evidence that his purpose in stopping the milk truck on Allens avenue was to cross said street to go to the diner, primarily to get an order for milk, and incidentally to get something to eat. He also stated that he was familiar with that part of Allens avenue as he traveled over it several times a day. He then testified that, after stopping the truck, he opened the door immediately at his left and alighted. As he did so, he looked in the rear vision mirror attached to the body of the truck near one of the hinges of said door and saw no vehicle coming along Allens avenue in a northerly direction in that immediate vicinity.

After alighting, he at once leaned forward into the truck through the open door to get his order book which he had left on the front seat of the truck. At that time he was standing in the highway facing easterly into the open door of the truck and had his back to the traveled portion of Allens avenue. Apparently the hinges were on the forward part of the truck door. The plaintiff testified that at no time did he see any automobile approaching, nor had he any recollection of actually being struck by one. In his direct examination he described the happening of the acci-

dent in the following language: "Q. Now, after you had secured the book did you or not enter upon the act of closing the door of the truck? A. I did. Q. And what did you do by way of closing that door? A. I just had my hand on the handle of it and closed the door and when I came to from unconsciousness I still thought I had the door handle in my hand. Q. The last conscious thing you knew was, then, that you had your hand on the handle of the door? A. Yes, sir, in the act of turning around. Q. In the act of turning around. And what, with respect to the act of closing the door, had the door been actually closed before you were struck? A. I couldn't say that." In cross-examination he also testified that the accident took place as he was starting to turn to his left away from the truck.

A police officer, who investigated the accident and who was tendered as a witness by the plaintiff, gave evidence that at a hospital, not long after the accident, the plaintiff stated that: "I parked my truck on the east side of Allens avenue and was going across the street to get something to eat and did not see the automobile until it hit me and that is all I know."

This witness, who did not see the accident, also testified that very soon after it had happened the defendant indicated, as the place of the accident, a point in Allens avenue opposite the side of the parked truck about twenty-four feet three inches from the easterly curb of that street, and about forty-six feet south of the southerly curb line of Blackstone street prolonged. The witness further testified that the defendant stated that he was seventy-three years old and, at the time of the accident, was operating an automobile northerly on Allens avenue at a speed of approximately ten miles an hour when he first saw the plaintiff, who was looking toward the north, about ten feet in front of said automobile and a little to the right; that he, the defendant, applied the brakes at once and tried to avoid the accident, but that the plaintiff was struck by the right

front end of the bumper, falling upon the hood of the automobile and then rolling to the street. The witness, in addition, testified that he examined the automobile driven by the defendant, and that the only mark upon it was a dent upon the top of the radiator. From the evidence it appears that the plaintiff's left leg was broken in two places; that there were cuts and bruises upon his left arm and that he was otherwise injured by reason of the occurrence in question.

The defendant was not called as a witness although he was in the court room at the time of the trial. A daughter-in-law testified that "he had unbelievably failed" since the time of the accident. On his behalf another daughter-in-law, who was in the automobile when the accident took place, gave evidence which in general corroborated the statement made by the defendant to the police officer. She did testify, however, that the automobile was proceeding at a speed of about fifteen miles an hour; that she was looking straight ahead and that she did not notice the parked truck. She placed the automobile operated by the defendant at a point something over twenty feet out in Allens avenue from the easterly curb, at the time of the accident, and also stated that the automobile, as it came along that street, was straddling the east rail of the car track. Her testimony was to the effect that the plaintiff, while walking in Allens avenue and looking in the direction away from the automobile, walked or stepped right out in front of it when it was only a short distance from him. She further testified that the defendant stopped the car so suddenly that two small children on the rear seat were thrown to the floor.

One of the proprietors of the diner testified as a witness for the defendant that from a window thereof, on the afternoon in question, he saw some one lying on the track in Allens avenue in front of the diner, and that he went out and found that person to be the plaintiff. The witness also

verified as correct a written statement previously made by him in which he had stated, in substance, that from the diner, at the time above referred to, he saw an automobile headed north and stopped in the car tracks; that in the street in front of the automobile was a person, later identified as the plaintiff, who was being held up in a sitting position by a man evidently the driver of the machine, which was straddling the east rail of the track; that the injured person was just east of the track near the frog of the switch northeast of the diner; that the milk truck was parked on the east side of Allens avenue opposite the diner, and that no other cars were parked nearby. This witness estimated the distance between the side of the parked milk truck and the frog of the switch to be twenty feet.

The trial justice, in a rescript which bears evidence of careful consideration, granted the defendant's motion for a new trial on the ground that he was clearly of the opinion that the jury's verdict, in view of the issues submitted to them under the charge of the court, was against the weight of the credible evidence as it related to the location of the place of the accident and the exercise of due care by the respective parties. The principles of law which govern the conduct of a trial justice in deciding a motion for a new trial are well established and need not now be repeated. We have recently referred to them in *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180, where previous decisions of this court are cited and discussed.

In the instant case the trial justice, in accordance with the above principles, performed his required duty, in connection with the motion before him, in passing upon the weight of the evidence and the credibility of the witnesses. An examination of his rescript and of the conflicting evidence in the present case, in our opinion, indicates that he did not overlook or misconceive any of said evidence. Nor can we say, as the plaintiff in substance argues, that the trial justice, in setting the verdict aside, more or less arbi-

trarily, and without considered reason, substituted his judgment for that of the jury. Further, he expressed a definite opinion and not a mere doubt as to the correctness of the jury's verdict. It is obvious, from his rescript, that the trial justice, in the exercise of his sound judgment, considered that the verdict did not respond truly to the real merits of the controversy and did not do substantial justice between the parties. Such being his opinion, it was his duty to grant the motion.

It is settled that when a trial justice has, in accordance with our well-established rules, apparently performed his duty in passing upon a motion for a new trial, his decision made upon conflicting evidence, although not binding on this court, is entitled to great persuasive force in appellate proceedings, and will not be disturbed by this court unless, upon an examination of the evidence, such decision appears to be clearly wrong. We have carefully considered the evidence presented in this case and are of the opinion that we cannot say that the trial justice was clearly wrong in granting the defendant's motion for a new trial.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial.

*Edward M. Sullivan, John J. Sullivan,* for plaintiff.
*Edward Winsor, Edwards & Angell,* for defendant.